# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Nickolas Jonathan Frederick,

                Petitioner,     Case No. 19-cv-12981

v.                                  Judith E. Levy
                                     United States District Judge

Thomas Winn,

                                     Mag. Judge Anthony P. Patti

                Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE [3]

This is a habeas case filed under 28 U.S.C. § 2254. Michigan state prisoner Nickolas Jonathan Frederick is serving a lengthy prison sentence for three counts of armed robbery, Mich. Comp. Laws § 750.529, seventeen counts of assault with a dangerous weapon, Mich. Comp. Laws § 750.82, and one count of felony firearm, Mich. Comp. Laws § 750.227b. The petition raises three claims for relief: (1) a witness and the prosecutor improperly invaded the province of the jury by identifying Petitioner as the individual in a surveillance video and counsel was ineffective for failing to object; (2) the admission of other act evidence denied Petitioner a fair trial; and (3) the trial court violated due process

by incorrectly scoring several offense variables.

Before the Court is Petitioner's motion to hold the case in abeyance so he can exhaust both the claims raised in the petition and an additional unexhausted claim in the state courts. (ECF No. 3.) For the reasons explained below, the Court holds the petition in abeyance and stays the proceedings to permit Petitioner to exhaust his claims.

## I. Background

Following his conviction and sentence, Petitioner pursued an appeal of right. He raised the same claims raised in this petition. The Michigan Court of Appeals affirmed his conviction and sentence in an unpublished decision. *People v. Frederick*, No. 338656, 2018 WL 4339572 (Mich. Ct. App. Sept. 11, 2018). The Michigan Supreme Court rejected Petitioner's application for leave to appeal as untimely. (*See* ECF No. 3, PageID.39.)

Petitioner filed this habeas corpus petition on October 4, 2019. On the same date, he filed a motion to hold this proceeding in abeyance pending exhaustion of state-court remedies.

## II. Discussion

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Exhaustion requires that the petitioner invoke "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Morse v. Trippett*, 37 Fed. App'x 96, 103 (6th Cir. 2002). Petitioner seeks a stay to allow him to exhaust the claims raised in the petition and to raise a new claim, ineffective assistance of appellate counsel in state courts.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would potentially jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The *Rhines* decision concerned a mixed habeas

petition, that is, the petition presented claims that had been properly exhausted in state court and claims that had not. *Id.* at 272-73. The petition at issue in this case raises only unexhausted claims because the claims were never properly presented to the Michigan Supreme Court. The Sixth Circuit Court of Appeals has expressed approval of other circuit court decisions applying the stay-and-abey procedure to non-mixed petitions containing only unexhausted claims. *Hickey v. Hoffner*, 701 Fed. App'x 422, 426 n.5 (6th Cir. 2017).

The Court finds a stay is warranted. First, dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d), because approximately one month remains of the one-year limitations period. Second, Petitioner's ineffective assistance of appellate counsel claim may constitute good cause for failing to previously exhaust these claims. *See Wagner v. Smith*, 581 F.3d 410, 419 n.4, 5 (6th Cir. 2009). Finally, based upon the present record, the Court cannot conclude that these claims are plainly meritless or that Petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277-78. Under these circumstances, it is not an abuse of

4

discretion to stay this case while Petitioner pursues state remedies.

When a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay pursuing his state-court remedies, tolling is conditioned on Petitioner diligently pursuing relief in the state courts by filing a motion for relief from judgment in the trial court within sixty days of this order, pursuing a timely appeal in the state courts if the motion is denied, and then returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002)

### III. Conclusion

Petitioner's motion to hold petition in abeyance (ECF No. 3) is GRANTED. The proceedings shall be held in abeyance pending completion of Petitioner's state application for post-conviction relief. This tolling is conditioned upon Petitioner filing his motion for relief from judgment within sixty (60) days of this order which is **Tuesday, January 7, 2020** and then filing a motion to lift the stay and an amended

5

habeas corpus petition within sixty (60) days after the conclusion of the state court post-conviction proceedings.

IT IS SO ORDERED.

Dated: November 8, 2019  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 8, 2019.

 s/William Barkholz
 Case Manager