UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nickolas Jonathan Frederick,

        Petitioner,    Case No. 19-cv-12981

v.    Judith E. Levy
    United States District Judge

Thomas Winn,

    Mag. Judge Anthony P. Patti

        Respondent.

_____/

**OPINION AND ORDER DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS [1]**

This habeas corpus proceeding brought by Petitioner Nickolas Jonathan Frederick has been stayed since November 8, 2019, to allow Petitioner—who is not represented by an attorney—to exhaust his claims in state court. (ECF No. 6.) In its November 8, 2019 order, the Court conditioned the stay on Petitioner presenting his unexhausted claims to the state courts within sixty days of the date of the order and, if he was unsuccessful in the state courts, moving to the lift the stay within sixty days after the conclusion of state court collateral review. (*See id.* at PageID.49–50.) On May 16, 2023, following more than three years of no

activity in the case, the Court ordered Petitioner to report on the status of his state court proceedings. (ECF No. 7.) Petitioner's response was due by June 2, 2023. (*Id.* at PageID.52.) The Court did not receive a response.

On June 20, 2023, the Court ordered Petitioner to show cause in writing why the case should not be dismissed due to his failure to comply with the Court's May 16, 2023 order. (ECF No. 8.) Petitioner's response was due by June 30, 2023. (*Id.* at PageID.54.) The Court warned Petitioner that "failure to timely respond to th[e June 20, 2023] order will result in the dismissal of the case." (*Id.*) The deadline has passed, and the Court has received no response from Petitioner. Petitioner has therefore not complied with two of the Court's orders.

Under Federal Rule of Civil Procedure 41(b), a federal court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30. District courts have "substantial discretion" in deciding whether dismissal is appropriate. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008)

2

(quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). The Court considers the following four factors in deciding whether to dismiss a case under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll*, 176 F.3d at 363).

In this matter, the factors listed above weigh in favor of dismissal. Regarding the first factor, the circumstances and history of this case support a finding that Petitioner's non-compliance is due to willfulness or fault. After more than three years of inactivity in the case, Petitioner has failed to comply with two Court orders. He has not sought an extension of time to respond, nor has he informed the Court of any obstacles to filing a response. There is no indication on the docket that the orders were returned to the Court as undeliverable or that Petitioner did not receive them.

The second factor, prejudice to Respondent Thomas Winn, does not support dismissal because the petition has not yet been served.

The third factor favors dismissal. The Court's June 20, 2023 order to show cause specifically warned Petitioner that "**failure to timely respond to this order will result in the dismissal of the case.**" (ECF No. 8, PageID.54) (emphasis in original).

Finally, the Court must consider whether lesser sanctions would suffice. Self-represented litigants are afforded "some latitude when dealing with sophisticated legal issues, . . . [but] there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Here, the Court's instructions were clear and unambiguous, and Petitioner proceeding without an attorney did not prevent him from complying with the Court's orders. Less drastic sanctions are not warranted.

In sum, balancing the factors set forth above, the Court concludes that dismissal is appropriate. Accordingly, the petition for a writ of habeas corpus (ECF No. 1) is DISMISSED under Rule 41(b).

The Court further finds that reasonable jurists would not debate the Court's conclusion that the petition should be dismissed under Rule 41(b), so the Court DENIES a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). If Petitioner nonetheless chooses to appeal, he may proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: August 14, 2023  s/Judith E. Levy
    Ann Arbor, Michigan  JUDITH E. LEVY
                                             United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 14, 2023.

                                             s/William Barkholz
                                             WILLIAM BARKHOLZ
                                             Case Manager